
FILED
... E.D.N.Y.
JAN 0 9 2012
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAULA HABER,

                Plaintiff,

       -against-

UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------------------------X

**OPINION & ORDER**
10-CV-5443 (SJF)(ARL)

FEUERSTEIN, District Judge:

I.    Background

On or about August 31, 2010, *pro se* plaintiff Paula Haber ("plaintiff") filed a complaint against Madeline Nowak ("Nowak"), an employee of the United States Postal Service ("USPS"), in the Suffolk County District Court alleging that on an unspecified date, she sustained personal injuries when Nowak "used her vehicle as a weapon causing injuries to [plaintiff's] arm." (Notice of Removal, Ex. A). Plaintiff seeks to recover medical expenses and lost wages in the total amount of three thousand dollars ($3,000.00). (Id.) On November 23, 2010, the United States Attorney's Office: (1) certified, pursuant to 28 C.F.R. § 15.4, (a) that at all relevant times, Nowak was acting within the scope of her employment as an employee of the United States of America, (Notice of Removal, Ex. B), and (b) that pursuant to 28 U.S.C. § 2679(d)(2), the United States of America ("defendant") was substituted by operation of law as a party defendant for Nowak; and (2) removed the case to this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(2). Thereafter, defendant moved pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss this action for lack of subject matter jurisdiction. Plaintiff has not opposed the motion. For the reasons set forth below, defendant's motion is granted and the

1

complaint is dismissed in its entirety without prejudice for lack of subject matter jurisdiction.

II. Discussion

A. Standard of Review

Federal courts are courts of limited jurisdiction, see Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005); Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 132 (2d Cir. 2010), and may not preside over cases absent subject matter jurisdiction. See Exxon Mobil, 545 U.S. at 552, 125 S.Ct. 2611 (holding that federal courts may not exercise jurisdiction absent a statutory basis); County of Nassau, N.Y. v. Hotels.com, LP, 577 F.3d 89, 91 (2d Cir. 2009) (holding that federal courts lack power to disregard the limits on their jurisdiction imposed by the Constitution or Congress). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. See Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202, 179 L.Ed.2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press. * * * Objections to subject matter jurisdiction * * * may be raised at any time."); Union Pacific R. Co. v. Brotherhood of Locomotive Engineers and Trainmen General Committee of Adjustment, Cent. Region, 130 S.Ct. 584, 596, 175 L.Ed.2d 428 (2009) ("[s]ubject-matter jurisdiction, * * * refers to a tribunal's power to hear a case, a matter that can never be forfeited or waived." (internal quotations and citations omitted)). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont,

565 F.3d 56, 62-3 (2d Cir. 2009).

B.  Sovereign Immunity

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." Virginia Office for Protection and Advocacy v. Stewart, 131 S. Ct. 1632, 1637, 179 L.Ed.2d 675 (2011). "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued. . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Dalm, 494 U.S. 596, 609, 110 S. Ct. 1361, 108 L.Ed.2d 548 (1990) (internal quotations and citations omitted); see also Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) (holding that the United States "may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." (quotations and citation omitted)). Sovereign immunity is a jurisdictional bar, see Lunney v. U.S., 319 F.3d 550, 554 (2d Cir. 2003), which, absent a waiver, shields the federal government, its agencies and its officers acting in their official capacity from suits seeking monetary damages. Department of Army v. Blue Fox, Inc., 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999) (quoting F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)); see County of Suffolk, N.Y. v. Sebelius, 605 F.3d 135, 140 (2d Cir. 2010) (holding that absent an "unequivocally expressed" statutory waiver, the United States, its agencies and its officers acting in their official capacity are immune from suit based on the principle of sovereign immunity).

1.  The Postal Reorganization Act

Pursuant to the Postal Reorganization Act ("PRA"), 39 U.S.C. § 101, *et seq.*, the USPS is

3

"an independent establishment of the executive branch of the Government of the United States," 39 U.S.C. § 201, and, as such, it "enjoys federal sovereign immunity absent a waiver." Dolan v. United States Postal Service, 546 U.S. 481, 484, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006).

Although the PRA "generally waives the immunity of the [USPS] from suit by giving it the power 'to sue and be sued in its official name,'" Id. (quoting 39 U.S.C. § 401(1)), it also specifically provides that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2674, "shall apply to tort claims arising out of activities of the [USPS]." 39 U.S.C. § 409(c); see Dolan, 546 U.S. at 484, 126 S.Ct. 1252.

2. The FTCA

The FTCA contains an express waiver of the United States' sovereign immunity for claims arising out of certain torts committed by federal employees, see Ali v. Federal Bureau of Prisons, 552 U.S. 214, 128 S.Ct. 831, 835, 169 L.Ed.2d 680 (2008), including employees of the USPS acting within the scope of their employment. See Mathiranpuzha v. Potter, 548 F.3d 70, 80 (2d Cir. 2008). Specifically, the FTCA authorizes "claims against the United States, for money damages * * * for * * * personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1). "This waiver [of sovereign immunity], however, operates subject to numerous conditions, each of which must be satisfied for a court to exercise jurisdiction." Adeleke, 355 F.3d at 153.

4

a. Failure to Exhaust

One of the conditions which must be satisfied before a federal court may exercise jurisdiction is that the plaintiff exhaust his administrative remedies prior to commencing an action under the FTCA. See 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for * * * personal injury * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."); see McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L.Ed.2d 21 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.") "[B]ecause the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in Section 2675 must be adhered to strictly." Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983). The FTCA's exhaustion requirement is jurisdictional and not subject to waiver, see Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 82 (2d Cir. 2005); Keene, 700 F.2d at 841, and "extends to all suits, including those begun in state court." Celestine, 403 F.3d at 82; see 28 U.S.C. § 2679(d)(4) ("[A]ny action or proceeding [removed from state court upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose] shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions.") "[T]he burden is on the plaintiff to both plead and prove compliance with the statutory requirements" of the FTCA. In re Agent Orange Product Liability Litigation, 818 F.2d 210, 214 (2d Cir. 1987); see

also Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999).

In her complaint, plaintiff does not allege that she exhausted her administrative remedies. In support of its motion to dismiss, defendant submitted a declaration of Linda K. Crump, the supervisor, tort claims examiner/adjudicator with the USPS national tort center, St. Louis General Law Office, (Declaration of Linda K. Crump [Crump Decl.], ¶ 1), attesting to plaintiff's failure to exhaust her administrative remedies. Specifically, Crump asserts: (1) that she "conducted a search of all Postal Service Law Department records of administrative tort claims submitted for adjudication for evidence of an administrative claim filed by or on behalf of [plaintiff] * * *" and that "[n]o such claim was discovered," (Crump Decl., ¶ 4); (2) that she "conducted a search of all Postal Service tort claim coordinator database records of administrative tort claims settled at the local level for evidence of an administrative claim filed by or on behalf of [plaintiff] * * *" and that "[n]o such claim was discovered," (Crump Decl., ¶ 6); and (3) that at her request, "the Tort Claim Coordinator conducted a search of Postal Service pending administrative tort claims submitted for adjudication maintained at the local level for evidence of an administrative claim filed by or on behalf of [plaintiff] * * *" and that "[n]o such claim was discovered," (Crump Decl., ¶ 7). Plaintiff has not submitted any opposition to the motion or any evidence to demonstrate her compliance with the administrative exhaustion requirement of the FTCA.

Since plaintiff's failure to exhaust her administrative remedies bars her claims against the United States under the FTCA, the branch of defendant's motion seeking dismissal of plaintiff's complaint based upon her failure to exhaust administrative remedies is granted and the complaint is dismissed in its entirety without prejudice for lack of subject matter jurisdiction.

    b.  Intentional Tort Exception

In any event, plaintiff's claim must be dismissed for lack of subject matter jurisdiction because it falls within the intentional tort exception to the FTCA.

The FTCA contains various exceptions to its waiver of sovereign immunity, which are set forth in 28 U.S.C. §§ 2680(a)-(n). See Ali, 552 U.S. 214, 128 S.Ct. at 835; In re World Trade Center Disaster Site Litigation, 521 F.3d 169, 190 (2d Cir. 2008). Thus, while the FTCA's statutory scheme initially waives sovereign immunity upon compliance with the prerequisites set forth therein, it essentially reinstates sovereign immunity where, *inter alia*, the exceptions outlined in 28 U.S.C. § 2680 (a) through (n) apply. See Dolan, 546 U.S. at 485, 126 S.Ct. 1252 (holding that if one of the FTCA's exceptions applies, the bar of sovereign immunity remains). Federal courts do not have subject matter jurisdiction over claims falling within one of the exceptions to the FTCA's waiver of sovereign immunity. See Fazi v. United States, 935 F.2d 535, 537 (2d Cir. 1991); Birnbaum v. United States, 588 F.2d 319, 322 (2d Cir. 1978); see also Adeleke, 355 F.3d at 154 (finding that the court lacked jurisdiction to hear a claim falling within one of the FTCA's exceptions).

The "intentional torts exception" to the FTCA, 28 U.S.C. § 2680(h), provides, in relevant part, that with an exception not relevant here, the FTCA's waiver of sovereign immunity shall not apply to:

> "Any claim *arising out of* assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights * * *." (Emphasis added).

Plaintiff's claim is that Nowak "used her vehicle as a weapon" to cause her personal injuries, which is clearly an assault and/or battery under New York law[1] and is, thus, barred by

---

[1] Under New York law, the elements of battery and assault, respectively, are: (1) "bodily contact, made with intent, and offensive in nature," Cerilli v. Kezis, 16 A.D.3d 363, 364, 790

7

the intentional tort exception to the FTCA's waiver of sovereign immunity, 28 U.S.C. § 2680(h). Accordingly, the branch of defendant's motion seeking dismissal of plaintiff's complaint under 28 U.S.C. § 2680(h) is granted and the complaint is dismissed in its entirety without prejudice for lack of subject matter jurisdiction.

III.   Conclusion

For the reasons set forth above, defendant's motion is granted and the complaint is dismissed in its entirety without prejudice for lack of subject matter jurisdiction.

The Clerk of the Court is directed to enter judgment in favor of defendant, to close this case and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at her last known address, see Fed. R. Civ. P. 5(b)(2)(C).

**SO ORDERED.**

/s/ Sandra J. Feuerstein
―――――――――――――――――
Sandra J. Feuerstein
United States District Judge

Dated:   January 10, 2012
         Central Islip, New York

---

N.Y.S.2d 714 (2d Dept. 2005); and (2) physical contact that placed the plaintiff in "imminent apprehension of harmful contact," Marilyn S. v. Independent Group Home Living Program, Inc., 73 A.D.3d 892, 894, 903 N.Y.S.2d 403 (2d Dept. 2010).

8